# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ANTHONY Q. BAUMGARTEN,

    Petitioner,

v.

WARDEN DAVID ORTIZ,

    Respondent.

Civ. No. 16-6109 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Anthony Q. Baumgarten, is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Mr. Baumgarten challenges the amount of time that he received to be placed in a Residential Re-entry Center ("RRC") at the end of his term of imprisonment. For the following reasons, the habeas petition will be denied as moot.

## II. BACKGROUND

Petitioner is set to be released from federal detention on September 28, 2017, after serving a lengthy drug conspiracy sentence. Petitioner states in his habeas petition that in April, 2016, it was agreed that he would serve his last eleven-to-twelve months of this sentence at a RRC. However, in September, 2016, Mr. Baumgarten explains that his new date to the RRC was now only going to be five-and-one-half months prior to the end of his sentence. He requests that this Court order the Federal Bureau of Prisons ("BOP") to grant him an eleven-to-twelve month period at an RRC at the end of his prison sentence.

Respondent filed a response brief in opposition to the habeas petition. Respondent states that Mr. Baumgarten's placement in an RRC was lessened by the Residential Reentry Manager in Baltimore due to limited space. Mr. Baumgarten then filed a reply in support of his habeas petition. Subsequently, on April 5, 2017, this Court received a letter from respondent indicating that Mr. Baumgarten had now been placed in an RRC. Respondent requests that his habeas petition now be denied as moot in light of this placement. On April 7, 2017, this Court issued an order to show cause on Mr. Baumgarten to show why his habeas petition should not be dismissed as moot in light of his placement in an RRC. Mr. Baumgarten has not responded to this order to show cause as of today's date.[1]

### III.  DISCUSSION

This Court need not engage in a discussion of Mr. Baumgarten's habeas petition on the merits as it is now moot. Indeed, his placement in an RRC renders his habeas petition seeking a longer period of time to be placed in a RRC moot because this Court could not provide redress for any injury that he may have suffered. *See Buczek v. Maiorana*, 526 F. App'x 152, 153-54 (3d Cir. May 15, 2013) ("We agree with the District Court that Buczek's transfer to an RRC rendered his habeas petition moot. Even if the District Court were to render a decision in Buczek's favor regarding RRC placement, it could provide no redress for any injury that Buczek may have suffered from the Bureau of Prisons' action.") (internal citation omitted); *Ganim v. Ebbert*, No. 09-0272, 2010 WL 5556173, at *2 (W.D. Pa. Dec. 8, 2010) ("Petitioner's sole habeas claim challenges the length of time his Unit Team recommended for his RRC placement.

---

[1] The order to show cause was returned as undeliverable on Mr. Baumgarten. Indeed, Mr. Baumgarten has failed to apprise this Court of his new address of record in violation of Local Civil Rule 10.1(a) ("[U]nrepresented parties must advise the Court of any change in their . . . address within seven days of being apprised of such change by filing a notice of said change with the Clerk.")

Petitioner's subsequent transfer from FCI-McKean to an RRC on January 21, 2010, effectively rendered moot the relief sought by Petitioner in this case."), *report and recommendation adopted by*, 2011 WL 53475 (W.D. Pa. Jan. 7, 2011).

It is worth noting that by issuing an order to show cause, this Court gave Mr. Baumgarten the opportunity to claim that his habeas petition should not be declared moot due to collateral consequences. *See Chong v. Dist. Dir. Immigration and Naturalization Serv.*, 264 F.3d 378, 383 (3d Cir. 2001) (noting exception to mootness doctrine where secondary or "collateral" injuries survive after resolution of the primary injury). However, Mr. Baumgarten has not come forward with any "collateral consequences" argument as he did not respond to this Court's order to show cause in the time allotted. Thus, there has been no showing of collateral consequences to overcome the mootness of his habeas petition. *Cf. Demis v. Sniezek*, 558 F.3d 508, 516 (6th Cir. 2009) ("Because Demis can point to no 'collateral consequences' that are the result of his delayed placement in a[n] [RRC], and certainly none that persist after the expiration of his sentence which this Court could remedy in the habeas context, Demis' reliance on the 'collateral consequences' exception to mootness is unavailing.") (citing *Gentry v. Deuth*, 456 F.3d 687, 694 (6th Cir. 2006)). Therefore, the habeas petition will be denied as moot.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be denied as moot. An appropriate order will be entered.

DATED: May 4, 2017

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge